**NORTH STAR STEEL COMPANY, LLC, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

**Nevada Power Co.; et al.,**
**Respondents–Intervenors.**

No. 07–73550.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2009.

Filed Aug. 25, 2009.

Philip L. Chabot, Jr., Esquire, McCarthy Sweeney & Harkaway, PC, Washington, DC, for Petitioner.

Carol J. Banta, Esquire, Robert H. Solomon, Esquire, Federal Energy Regulatory Commission, Washington, DC, for Respondent.

Joshua Zev Rokach, Balch & Bingham LLP, Tracy C. Davis, Bracewell & Giuliani, LLP, Jeffrey Martin Jakubiak, Troutman Sanders, LLP, Bradley R. Miliauskas, Esquire, Alston & Bird, LLP, Washington, DC, for Respondents–Intervenors.

Before: KOZINSKI, Chief Judge, NOONAN, Circuit Judge, and EDMUNDS,[*] District Judge.

MEMORANDUM [**]

North Star Steel Co. ("North Star") filed a complaint with the Federal Energy Regulatory Commission (FERC) alleging that eight wholesalers of electricity violated the Federal Power Act (FPA), §§ 205

[*] The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and 206, 16 U.S.C. §§ 824d and e, by selling energy at unjust and unreasonable wholesale rates that were passed through to North Star. FERC dismissed the complaint and denied North Star's request for rehearing. North Star now petitions for review.

We affirm FERC's dismissal of North Star's request for a direct refund on the ground that FERC lacks jurisdiction to order a refund to a retail purchaser. *See* 16 U.S.C. § 824(b)(1) ("The provisions of this subchapter shall apply to . . . the sale of electric energy at wholesale in interstate commerce, but . . . shall not apply to any other sale of electric energy . . .").

We do not review North Star's alternate request for a refund to Arizona Electric Power Cooperative, Inc. ("Arizona Electric") because North Star failed to adequately present its objections to FERC on rehearing. *See* 16 U.S.C. § 825*l* (b) ("No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do."). A second petition for rehearing would have been the appropriate method for challenging FERC's refusal to construe North Star's complaint as having requested alternate remedies, or for challenging FERC's instruction to seek relief in the California Refund Proceeding. *Dep't of Fish & Game v. Fed. Power Comm'n*, 359 F.2d 165, 169 n. 2 (9th Cir.1966).

Accordingly, we **AFFIRM**.